SUMMARY ORDER

Petitioner, a native and citizen of Indonesia, seeks review of a November 28, 2008 order of the BIA affirming the April 18, 2007 decision of Immigration Judge (“IJ”) Brigitte Laforest, which denied Petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Siau Pin Hon, No. A099 928 149 (B.I.A. Nov. 28, 2008), aff'g No. A098 928 149 (Immig. Ct. N.Y. City Apr. 18, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA 482 F.3d 122, 126 (2d Cir.2007); see also Gjolaj v. BCIS, 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). As Horis asylum application was filed with the IJ after May 11, 2005, the provisions of the REAL ID Act apply. See Matter of S-B- 24 I. & N. Dec. 42, 45 (BIA 2006).
We find no error in the agency’s denial of Hon’s application for asylum and withholding of removal. As a preliminary matter, it is not entirely clear whether the agency found that the incidents Hon described were not severe enough to constitute persecution or whether it found that the incidents bore no nexus to a protected ground. A reviewing court must “uphold a decision of less than ideal clarity if the agency’s path may reasonably be discerned.” Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); see also Motor Vehicle Mfrs. Ass’n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (same). But see Beskovic v. Gonzales, 467 F.3d 223, 227 (2d Cir.2006) (finding that “the IJ’s explanation ... was insufficient to permit meaningful review of whether the IJ correctly applied the standards”). Here, although somewhat less than clear, we construe the agency’s decisions as having found that Hon did not establish that he suffered past persecution, both because he could not show that the majority of the incidents he described bore any nexus to a protected ground and because the one incident that did bear such a nexus was not severe enough to rise to the level of persecution.
The BIA has defined persecution as a “threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive.” Matter of Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985), overruled, in part, on other grounds, INS v. Cardoza-Fonseca, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). In determining whether harm rises to the level of persecution, the harm must be sufficiently severe, rising above “mere harassment.” Ivanishvili v. U.S. *671 Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006). In addition, as amended by the REAL ID Act, Title 8, Section 1158(b)(l)(B)(i) of the U.S. Code provides that an asylum “applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” While Hon’s arguments offer the possibility that a reasonable adjudicator could have found that his assailants were motivated to persecute him in part because of his ethnicity or religion, we are not “compelled” to find — contrary to the agency — that these were “central” motives. See 8 U.S.C. §§ 1158(b)(l)(B)(i), 1252(b)(4)(B).
As the agency noted, the incidents Hon described involved criminal extortion, and none of his assailants continued to harass Hon after receiving the money or goods that they were after. See Parussimova v. Mukasey, 555 F.3d 734, 741 (9th Cir.2009) (“[T]o demonstrate that a protected ground was ‘at least one central reason’ for persecution, an applicant must prove that such ground was a cause of the persecutors’ acts.”); Ucelo-Gomez v. Mukasey, 509 F.3d 70, 73 (2d Cir.2007) (observing that “it would be impractical for IJs to distinguish between petitioners who are targeted or held to ransom because of their class status or merely because that’s where the money is”).
Moreover, as to the single incident the IJ found “could constitute a persecutory event,”[2] we agree with the agency that the incident did not rise to the level of persecution. Indeed, during the incident ten-year old Hon was taunted by four or five “native Indonesian kids around [his same] age.” See Ivanishvili, 433 F.3d at 341 (finding that, to constitute persecution, the harm an applicant fears must be sufficiently severe, rising above “mere harassment”); see also Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005) (“[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.”) (citing Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995), overruled, in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 306 (2d Cir.2007) (en banc); Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993) (Alito, J.)) (“[P]er-secution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.”). Therefore, the record supports the agency’s finding that Hon failed to demonstrate that he endured persecution on account of a protected ground. 8 U.S.C. § 1158(b)(l)(B)(i); see also Gjolaj, 468 F.3d at 142-43.
Because Hon failed to demonstrate that he suffered past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b). We find no error in the agency’s holding that Hon failed to demonstrate a reasonable fear of persecution based on a pattern or practice of persecution of ethnic Chinese Christians in Indonesia.[3] See Matter of A-M-, 23 I. & N. Dec. 737, 741 (BIA 2005) (finding that there was not a pattern or practice of persecution against ethnic Chinese Christians in Indonesia); Mufied v. Mukasey, 508 F.3d 88, 93 (2d Cir.2007). The BIA explicitly considered Hon’s pattern or *672 practice claim, see Mufied, 508 F.Sd at 91 (remanding because both the IJ and the BIA ignored petitioner’s pattern or practice claim), and this Court “presumes that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Therefore, because nothing in the record compels us to conclude that the BIA’s analysis of Hon’s pattern or practice claim was erroneous, we find no error in the agency’s denial of his application for asylum and withholding of removal. 8 U.S.C. § 1252(b)(4)(B).
Because the agency reasonably found that Hon failed to demonstrate past persecution or a well-founded fear of future persecution, it reasonably denied his application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Moreover, because Hon failed to sufficiently challenge the agency’s denial of his CAT claim in his brief to this Court, he has waived that claim. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We take the IJ's statement to mean that this incident did bear a nexus to a protected ground.

. We note that, as the Government observes, Hon did not claim to be a Christian in his brief to the BIA, asserting instead that there was a pattern or practice against ethnic Chinese Buddhists in Indonesia. Nonetheless, as Hon has consistently argued that there is a pattern or practice of persecution against ethnic Chinese “non-Muslims” in Indonesia, we consider his claim.